# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

ROBERT JAMES RAMUS,

Plaintiff,

v.

UNKNOWN, *et al.,*

Defendants.

Case No. 3:26-cv-00024-SLG

## SCREENING ORDER

On January 15, 2026, self-represented prisoner Robert James Ramus ("Plaintiff") filed a Complaint, Civil Cover Sheet, Application to Proceed without Prepayment of Fees and Affidavit on AO Form 240, and Motion for Appointment of Counsel.[1] On February 2, 2026, the Court issued a Deficiency Order notifying Plaintiff that the filing at Docket 3 was not on the proper form and did not include the prisoner trust account statement.[2] On March 20, 2026, Plaintiff filed a completed and signed Prisoner Application to Waive Prepayment of the Filing Fee on District of Alaska Form PS10 with an attached statement from Plaintiff's prisoner trust account that demonstrates he is unable to prepay the filing fee.[3]

The Court now screens Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A and rules on Plaintiff's pending motions.

---

[1] Dockets 1-4.

[2] Docket 5.

[3] Docket 6.

### I. Screening Standard

Under the Prison Litigation Reform Act, a federal district court must screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[4] In this screening, a district court shall dismiss the complaint at any time if the court determines that the complaint:

> (i)     is frivolous or malicious;
>
> (ii)    fails to state a claim on which relief may be granted; or
>
> (iii)   seeks monetary relief against a defendant who is immune from such relief.[5]

In conducting its screening review, a district court must accept as true the allegations of the complaint, construe the complaint in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.[6]  However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[7] Although generally, the scope of review is limited to the contents of the complaint, a court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters

---

[4] 28 U.S.C. §§ 1915, 1915A.

[5] 28 U.S.C. § 1915(e)(2)(B).

[6]*Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (holding that a court must construe pleadings filed by self-represented litigants liberally and afford the complainant the benefit of any doubt).

[7] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001).

Case No. 3:26-cv-00024-SLG, *Ramus v. Unknown, et al.*
Screening Order
Page 2 of 13
Case 3:26-cv-00024-SLG   Document 7   Filed 04/07/26   Page 2 of 13

of judicial notice.[8] Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[9]

Before a court may dismiss any portion of a complaint, a court must provide a self-represented plaintiff with a statement of the deficiencies in the complaint and an opportunity to file an amended complaint, unless to do so would be futile.[10] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[11]

## II.    Requirements to State a Claim

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[12] While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[13] A complaint must allege that the plaintiff suffered a specific injury as a result of the conduct of a particular defendant,

---

[8] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[9] *Sprewell,* 266 F.3d at 988 (noting that a plaintiff can "plead himself out of a claim by including . . . details contrary to his claims").

[10] *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Noll v. Carlson,* 809 F.2d 1446, 1448 (9th Cir.1987) ("Without the benefit of a statement of deficiencies, the pro se litigant will likely repeat previous errors.").

[11] *Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986) (citation omitted).

[12] Fed. R. Civ. P. 8(a)(2).

[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

and it must allege an affirmative link between that specific injury and the conduct of that defendant.[14]

Further, multiple defendants may be joined in a single action only when the claims asserted against each of the defendants all arise "out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action."[15] Unrelated claims against different defendants must be filed in separate lawsuits.

### III. Civil Rights Claims under 42 U.S.C. § 1983 ("Section 1983")

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish that (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statute.[16] To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[17] To be deprived of a right, the defendant's action must either violate a right guaranteed by the Constitution or an enforceable right created by a federal statute.[18] Section 1983 does not confer

---

[14] *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976).

[15] Fed. R. Civ. P. 20(a)(2).

[16] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[17] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[18] *Gonzaga Univ. v. Doe,* 536 U.S. 273 (2002). *See also Health & Hosp. Corp. of Marion Cnty. v. Talevski,* 599 U.S. 166 (2023); *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997).

Case No. 3:26-cv-00024-SLG, *Ramus v. Unknown, et al.*
Screening Order
Page 4 of 13
Case 3:26-cv-00024-SLG    Document 7    Filed 04/07/26    Page 4 of 13

constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[19]

A person acting under the color of state law "'subjects' another to the deprivation of a constitutional right, within the meaning of Section 1983, if the person does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."[20]

### A. Supervisor Liability

A supervisory government official can only be held individually liable under Section 1983 when the supervisor's own misconduct caused an alleged constitutional deprivation.[21] For a supervisor to be liable in his or her individual capacity under Section 1983, the supervisor must have personally participated in the constitutional violation, or there must be a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."[22] And "there can be no such supervisorial liability in the absence of an underlying constitutional violation" by a subordinate.[23]

---

[19] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[20] *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978).

[21] *See Iqbal*, 556 U.S. at 676, 677 ("Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct.").

[22] *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quotation omitted).

[23] *Puente v. City of Phoenix,* 123 F.4th 1035, 1064 (9th Cir. 2024).

### B.  Doe Defendants

Although federal courts do not generally favor actions against unidentified "Doe" defendants,[24] a plaintiff may sue unnamed defendants when the identity of the alleged defendants is not known at the time of the filing of a complaint.[25] However, a Doe defendant cannot be served with process until he or she has been identified in the case by his or her real name.[26] Further, the specific alleged wrongdoing of each Doe defendant must be alleged:  i.e., John Doe #1 did this specific harm to Plaintiff on this date; Jane Doe #2 did this specific harm to Plaintiff on this date, etc.

### IV.  Screening Review of Plaintiff's Claims

Plaintiff's claims relate to events that allegedly occurred while he was housed at the Anchorage Correctional Center East ("ACC-East") in the custody of the Alaska Department of Corrections ("DOC").[27] Because Plaintiff was in custody following the revocation of his parole, he was a convicted prisoner at the time of the alleged events.[28]

Plaintiff names the "Superintendent" and "Director of Institutions" but lists their names as unknown.[29] Plaintiff's Complaint contains typewritten allegations

---

[24] *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999).

[25] *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).

[26] *See Merritt v. City of Los Angeles*, 875 F.2d 765, 767-68 (9th Cir. 1989).

[27] Docket 1 at 1.

[28] Docket 1 at 4.

[29] Docket 1 at 2.

with minimal handwritten additions, such as his prisoner status, dates, and what appears to be Plaintiff's signature.[30] Plaintiff claims Defendants denied him access the courts by failing to provide "up to date law materials and tools with help from a trained and experienced law librarian."[31] Plaintiff claims he has suffered emotional distress and has been unable to defend himself in state court.[32] Plaintiff claims ACC-E does not have a grievance procedure,[33] but then claims he did not file any grievances due to fear of retaliation—citing Alaska DOC inmate death statistics as the basis for his fear—and he wishes to remain anonymous.[34] For relief, Plaintiff seeks $2,000,000 for denial of access to courts and $2,000,000 for emotional distress, deliberate indifference, and negligence, unless Department of Corrections admits wrongdoing and provides trained law librarians and updated materials.[35]

Liberally construed, Plaintiff's Complaint seeks to bring access-to-courts and retaliation claims under the First Amendment. Plaintiff may also be attempting to raise a conditions-of-confinement claims under the Eighth Amendment. However, Plaintiff has not alleged sufficient facts to plausibly support each element

---

[30] Docket 1.

[31] Docket 1 at 3.

[32] Docket 1 at 5.

[33] Docket 1 at 6.

[34] Docket 1 at 8.

[35] Docket 1 at 5.

Case No. 3:26-cv-00024-SLG, *Ramus v. Unknown, et al.*
Screening Order
Page 7 of 13

for any such claims.[36] More significantly, Plaintiff does not allege facts showing that he personally suffered an injury as a result of the challenged conduct of a particular defendant or that any specific correctional official acted in a way that was subjectively unreasonable to Plaintiff. Therefore, Plaintiff's Complaint is DISMISSED for failure to state a claim. Plaintiff is accorded **60 days** from the date of this order to file an amended complaint that attempts to correct the deficiencies identified in this order. Alternatively, Plaintiff may file a notice of voluntary dismissal in which he elects to close this case.

## V. Filing an Amended Complaint

An amended complaint replaces the prior complaint in its entirety.[37] An amended complaint must not expand the scope of the case by alleging new unrelated parties or claims. Unrelated claims involving different defendants must be brought in separate lawsuits. An amended complaint must contain separately numbered, clearly identified allegations. If handwritten, it must be legible. The amended complaint should identify the specific injury that the plaintiff is alleging was caused by each defendant, when that injury occurred, and where that injury occurred. In addition, the allegations of the amended complaint must be set forth in sequentially numbered short paragraphs, with no paragraph number being repeated anywhere in the amended complaint. Rule 10(b) of the Federal Rules of

---

[36] *See* Chapter 9, Ninth Circuit Manual of Model Civil Jury Instructions and the cases cited therein for the necessary elements of each of these claims.

[37] *See* Fed. R. Civ. P. 15; District of Alaska Local Civil Rule 15.1.

Civil Procedure requires that "[a] party must state its claims or defenses as numbered paragraphs, each limited as far as practicable to a single set of circumstances."

If Plaintiff files an amended complaint, the Court will screen the amended complaint to determine whether it is subject to dismissal or whether that complaint may proceed to the next stage of litigation. Should the amended complaint proceed beyond the screening stage, the Court will order service of that complaint on Defendant. Plaintiff must not attempt to serve any Defendant until the Court so orders.

## VI.   The Three Strikes Rule

The Prison Litigation Reform Act requires that a self-represented prisoner receive a "strike" when a case he has filed in federal court is dismissed "as frivolous or malicious or fails to state a claim upon which relief may be granted[.]"[38] The "three strikes" provision was "designed to filter out the bad claims and facilitate consideration of the good."[39] If a prisoner-plaintiff has accumulated three strikes, he is prohibited from bringing any other civil rights cases in federal court without prepaying the full filing fee unless he makes "plausible allegations" that, at the time he filed the complaint, he is under imminent danger of serious physical injury.[40] Imminent danger requires an allegation that a harm is "ready to take place" or

---

[38] 28 U.S.C.A. § 1915(g).

[39] *Jones v. Bock,* 549 U.S. 199, 204 (2007).

[40] 28 U.S.C. § 1915(g).

"hanging threateningly over one's head."[41]  It cannot be triggered solely by complaints of past injury or generalized fears of possible future harm.[42] In addition to being "imminent," the alleged danger must also be "both fairly traceable to unlawful conduct alleged in [the] complaint and redressable by the court."[43]

### VII.  Plaintiff's Motion for Appointment of Counsel is DENIED

There is no constitutional right to appointed counsel in a civil action.[44] A federal court "may request an attorney to represent any person unable to afford counsel."[45] However, a district court's decision to request counsel for a self-represented litigant in a civil action is discretionary and granted only in exceptional circumstances.[46]  When determining whether "exceptional circumstances" exist, a court must consider the plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims in light of the complexity of the legal issues involved.[47] The Court finds that, on the current record, Plaintiff has not demonstrated a likelihood of success on the merits. Further, although 28 U.S.C. §

---

[41] *Andrews v. Cervantes,* 493 F.3d 1047, 1056 (9th Cir. 2007) (cleaned up).

[42] *Id.* at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint.").

[43] *Ray v. Lara,* 31 F.4th 692, 701 (9th Cir. 2022) (adopting nexus test).

[44] *See Turner v. Rogers*, 564 U.S. 431, 441 (2011) ("[T]he Sixth Amendment does not govern civil cases."); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) ("Generally, a person has no right to counsel in civil actions.").

[45] 28 U.S.C. § 1915(e)(1).

[46] *Aldabe v. Aldabe,* 616 F.2d 1089, 1093 (9th Cir.1980).

[47] *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir.1986) (quoting *Weygandt v. Look,* 718 F.2d 952, 954 (9th Cir. 1983)).

1915(e)(1) permits a court to request a volunteer attorney, this Court currently has no list of volunteer attorneys from which it may request counsel to represent Plaintiff. Accordingly, Plaintiff's motion for court-appointed counsel at **Docket 4 is DENIED without prejudice.**

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Complaint at **Docket 1 is DISMISSED** for failure to state a claim.

2. Plaintiff is accorded 60 days from the date of this order to file either:

   a. <u>First Amended Complaint</u>, in which Plaintiff revises his complaint to address the deficiencies identified in this order. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order; OR

   b. <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end this case.

3. If Plaintiff does not file either a First Amended Complaint or Notice of Voluntary Dismissal on the Court's form **within 60 days of the date of this order**, this case shall be dismissed under 28 U.S.C. § 1915(e)(2)(B) without further notice to Plaintiff for failure to state a claim.

4. If a case is dismissed for failure to state a claim, it will count as a strike against Plaintiff. A Notice of Voluntary Dismissal does not count as a strike.[48]

---

[48] *Spencer v. Barajas,* 140 F.4th 1061 (9th Cir. 2025).

Case No. 3:26-cv-00024-SLG, *Ramus v. Unknown, et al.*
Screening Order
Page 11 of 13
Case 3:26-cv-00024-SLG   Document 7   Filed 04/07/26   Page 11 of 13

5.    Plaintiff's application to proceed without prepaying the filing fee at **Docket 6 is GRANTED.**

6.    Plaintiff's motion at **Docket 3 is DENIED as moot.**

7.    Federal law only allows the Court to waive a prisoner's *prepayment* of the filing fee. Prisoners must pay the $350 filing fee incrementally until paid in full, regardless of the outcome of the action.[49] **Should Plaintiff proceed with this lawsuit, the Court will issue a separate order for the collection of the $350 filing fee directly from Plaintiff's prisoner trust account.**

8.    If Plaintiff is released from DOC custody before the $350 filing fee has been paid in full, Plaintiff must, within 30 days of his release, either (1) pay the unpaid balance of the $350 filing fee and the $55 administrative fee to the Clerk of Court or (2) if Plaintiff cannot pay the unpaid balance, Plaintiff must file a Non-Prisoner Application to Waive the Filing Fee (Form PS11).[50]

9.    Plaintiff's motion for court appointed counsel at **Docket 4 is DENIED without prejudice.**

10.    Self-represented litigants must review and comply with the Federal Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and all Court orders.[51] Failure to do so may result in the imposition of sanctions authorized by

---

[49] 28 U.S.C. § 1915(b)(1)&(2).

[50] The Court's template forms are available upon request from the Clerk's office and on the Court's website at https://www.akd.uscourts.gov/forms.

[51] *See* 28 U.S.C. § 1654 (permitting parties in federal court to represent themselves or be represented by an attorney, subject to the court's rules); Local Civil Rule 1.1(a)(3)

law, including dismissal of the action.

11.     At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address."  The Notice shall contain only information about the change of address, and its effective date.[52]  The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice to the plaintiff.

12.     With this order, the Clerk is directed to send to Plaintiff: (1) form PS01, with "FIRST AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) form PS09, Notice of Voluntary Dismissal; and (3) form PS23, Notice of Change of Address.

DATED this 7th day of April, 2026, at Anchorage, Alaska.

/s/ Sharon L. Gleason
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

("All parties, including self-represented parties, must comply with these Local Rules and the Federal Rules of Civil Procedure. References in these rules to "counsel" or "attorneys" also refer to self-represented parties."). *See also* U.S. Courts, Federal Rules of Civil Procedure, https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; U.S. District Court for the District of Alaska, Local Rules and Orders, https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

[52] *See* District of Alaska Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number").

Case No. 3:26-cv-00024-SLG, *Ramus v. Unknown, et al.*
Screening Order
Page 13 of 13
Case 3:26-cv-00024-SLG     Document 7     Filed 04/07/26     Page 13 of 13